UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KYLE A. ROBERTS, | ) |
|     Petitioner, | ) |
| v. | )   Case No. 4:10-CV-1421-SNLJ-NAB |
| PENNY MILBURN, | ) |
|     Respondent. | ) |

## REPORT AND RECOMMENDATION

This action is before the court upon Petitioner Kyle A. Roberts' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [Doc. 1.] Respondent Penny Milburn filed a response ("Respondent"). [Doc. 10.] This matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1). [Doc. 13.] For the reasons set forth below, the undersigned recommends that the Petition be denied.

**I.    BACKGROUND**

On January 25, 2008, Roberts appeared with counsel and pleaded guilty to the Class C felony of stealing. Resp't Ex. C at 6. The state's attorney recited the factual basis for the guilty plea as follows:

> The state is prepared to prove the facts alleged in the information. In particular that on November [10], 2007 the defendant and a co-defendant, Josh Payne, were in West Doniphan, Missouri and between the hours, probably around midnight to 1:00 am, uh, in West Doniphan there was a vehicle that was owned by Doyle and Jimmy Foulks and it was taken by the defendant and his co-defendant and they took it up to Carter County, Missouri, where they wrecked it. They did so without the permission of the owner of that vehicle. They basically just ditched it up at Ellsinore, Missouri, threw the keys away and went about their business. The officers who were investigating it found out that, huh, they were the main suspects. They were questioned in Carter County, Missouri where after being informed of his Miranda warning the

1

> defendant in the case made a statement that he had stolen this 1990 Blue Cadillac owned by Jimmy and Doyle Foulks and he had taken it and wrecked it and left the keys up at Ellsinore, Missouri. After that he was charged with this offense of stealing this motor vehicle, which is a Class C felony.

Resp't Ex. C. at 6-7. Roberts testified that the statement was true, without omissions, misstatements, or misrepresentations. Resp't Ex. C. at 8. Based on plea negotiations, the state recommended that Roberts be sentenced to seven years in the Missouri Department of Corrections, that the execution of the sentence be suspended, and that Roberts be placed on supervised probation for five years with special conditions. Resp't Ex. C at 7. Roberts was then sentenced in accordance with the plea agreement. Resp't Ex. C at 13-14.

On December 1, 2008, Roberts admitted to multiple probation violations. Resp't Ex. A at 5. Roberts' probation was set aside and his previous sentence was executed. Resp't Ex. A at 5. Roberts filed a Rule 24.035 motion on April 26, 2010. Resp't Ex. B at 1. No Notice of Appeal was filed prior to that date. Roberts then filed a Notice of Appeal on June 1, 2010. Resp't Ex. A at 5. The first Rule 24.035 motion was denied on June 7, 2010 as untimely. Resp't Ex. B at 2. Resp't Ex. A at 6. Roberts then filed a second Rule 24.035 motion on June 25, 2010, which was denied on July 19, 2010. *Id.*

Roberts asserts several grounds for relief in his Petition. First, Roberts alleges that his due process rights were violated when he did not receive a copy of an indictment, a preliminary hearing, or discovery information before he pleaded guilty. Second, Roberts alleges that his attorney was ineffective because he failed to hold an investigation and withheld evidence. Roberts also alleges insufficient evidence, judicial bias, and a coerced confession. Respondent alleges that Robert's Petition was untimely under 28 U.S.C. § 2244(d) and should therefore be denied. [Doc. 10.]

## II. LEGAL STANDARD

The Anti-Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA") applies to all petitions for habeas relief filed by state prisoners after this statute's effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 326-29 (1997). In conducting habeas review pursuant to § 2254, a federal court is limited to deciding whether a claim that was adjudicated on the merits in state court proceedings (1) resulted in a decision that is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceedings." 28 U.S.C. § 2254(d)(1)-(d)(2) (1996).

For purposes of § 2254(d)(1), "'[f]ederal law, as determined by the Supreme Court,' refers to 'the holdings, as opposed to the dicta, of [the Supreme] Court's decisions.'" *Evenstad v. Carlson*, 470 F.3d 777, 782-83 (8th Cir. 2006) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). To obtain habeas relief, a habeas petitioner must be able to point to the Supreme Court precedent which he thinks the state courts acted contrary to or applied unreasonably. *Id.* at 783 (citing *Buchheit v. Norris*, 459 F.3d 849, 853 (8th Cir. 2006)).

A state court's decision is contrary to clearly established Supreme Court precedent "if the state court either applies a rule that contradicts the governing law set forth in [Supreme Court] cases or confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [the] precedent." *Penry v. Johnson*, 532 U.S. 782, 792 (2001). A state court decision is an unreasonable application of clearly established Supreme Court precedent, "if it correctly identifies the governing legal rule but applies it

3

unreasonably to the facts of a particular prisoner's case." *Id.* "Even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable." *Evenstad*, 470 F.3d at 782. "A state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings, 28 U.S.C. § 2254(d)(2), only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Id.*

## III.    DISCUSSION

### A.    Appointment of Counsel

Roberts requests the appointment of counsel due to his poverty. [Doc. 1]. There is no constitutional right to appointment of counsel in habeas corpus proceedings. *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). A magistrate judge or district judge may appoint counsel for a habeas petitioner "if the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). If an evidentiary hearing is held, the court must appoint counsel if the petitioner meets the requirements of 18 U.S.C. § 3006A. *See* Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts. If no evidentiary hearing is necessary, the appointment of counsel is discretionary. *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994). Roberts has filed the Petition and Reply in this matter without counsel and has demonstrated that he is able to present his claim in a clear and adequate manner. In consideration of the legal and factual complexities of this case and Roberts' ability to investigate and present his claim, the undersigned determines that the interests of justice to do not require an appointment of counsel. *Abdullah*, 18 F.3d at 573. Therefore, the undersigned will recommend that the request for appointment of counsel be denied.

**B. Statute of Limitations**

AEDPA includes a one-year statute of limitations for filing a petition for writ of habeas corpus. 28 U.S.C § 2244(d)(1). In this case, the limitations period began on the date on which the judgment became final by the expiration of Roberts' time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Under Missouri law, Roberts' time for seeking direct review of his judgment expired 10 days after his sentence was entered. *Romeiser*, 46 S.W.3d 656, 657 (Mo. App. 2001). Roberts' sentence was entered on January 25, 2008 and his judgment became final when his time for seeking direct review expired on February 4, 2008. Roberts did not seek an appeal before the time expired on February 4, 2008, therefore his judgment became final on that date. Res. Ex. A. at 5. Roberts had until February 3, 2009 to file a petition for habeas review in this court. Roberts filed this Petition on August 2, 2010, eighteen months after the one year statute of limitations period expired. [Doc. 1.]

The time during which a properly filed application for post-conviction relief is pending tolls the limitation period. 28 U.S.C. § 2244(d)(2). "Importantly, however, no application for state post conviction or other collateral review with respect to the pertinent judgment or claim will toll the one year statute of limitations for filing a federal habeas petition if that one year period has expired before the filing of the application." *Klumpp v. Dormire*, No. 4:07-CV-43 TCM, 2010 WL 1141337 at *5 (E.D. Mo. Mar. 22, 2010). Roberts filed a motion for postconviction relief pursuant to Mo. Sup. Ct. R. 24.035 on April 26, 2010. Because Roberts filed his Rule 24.035 motion after the one year statute of limitations in AEDPA, the time for filing his Petition in this court was not tolled. Accordingly, Roberts' Petition is untimely and should be dismissed.

### C. Exhaustion of State Remedies

Even if Roberts had met the federal statute of limitations deadline, the Petition is still not cognizable, because Roberts has failed to exhaust his remedies in state court. A state prisoner's petition for federal habeas corpus review under 28 U.SC. § 2254 may only be granted if the prisoner has exhausted his state law remedies. 28 U.S.C. § 2254(b)(1)(A). "Requiring the exhaustion of state remedies both allows the states to correct any possible constitutional violations without unnecessary intrusion by the federal courts and allows the state courts to create a factual record should the matter proceed to federal court." *Weeks v. Bowersox,* 119 F.3d 1342, 1349-50 (8th Cir. 1997). "In Missouri, a claim must be presented at each step of the judicial process to avoid default." *Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012). "Failure to raise a claim on appeal from the denial of a post-conviction motion erects a procedural bar to federal habeas review." *Jolly v. Gammon*, 28 F.3d 51 (8th Cir. 1994).

If the state court dismisses the petitioner's claims on independent and adequate state law grounds, federal review of a habeas corpus petition is procedurally barred. *Ivy v. Caspari*, 173 F.3d 1136, 1140 (8th Cir. 1999); *Weeks*, 119 F.3d at 1350. Failure to timely file a motion for post-conviction relief is an independent and adequate ground for dismissing the petitioner's claims under Missouri law, therefore failure to timely file is a procedural bar for federal habeas corpus review. *Ivy*, 173 F.3d at 1140; *Weeks*, 119 F.3d at 1350.

Roberts' exclusive vehicle for post-conviction relief after his guilty plea was a Missouri Supreme Court Rule 24.035 motion. If no direct appeal is filed, a Rule 24.035 motion must be filed within 180 days of the date the person is delivered to the custody of the department of corrections. Mo. Sup. Ct. R. 24.035(b). "A movant's failure to file his motion or post-conviction relief within the 180-day time limit of Rule 24.035(b) shall constitute a complete

6

waiver of any right to proceed under Rule 24.035 and a complete waiver of any claim that could be raised in a motion pursuant to Rule 24.035." *Asher v. State*, 390 S.W.3d 917, 918 (Mo. Ct. App. 2013). In this case Roberts received a suspended execution of sentence and was placed on probation. His probation was revoked and his sentence executed on December 1, 2008. There is no evidence in the record when Roberts was actually transferred to the custody of the Department of Corrections.

Roberts alleges that he filed a Rule 24.035 motion on June 3, 2009. [Doc. 6.] The record, however, reflects that a Rule 24.035 motion was not filed until April 26, 2010. Resp't Ex. B. at 1. Roberts' motion was denied by the trial court as untimely on June 7, 2010. Resp't Ex. B at 2. Roberts did not appeal the trial court's denial of his Rule 24.035 motion. Although the record before the undersigned is unclear as to when the 180 day clock began for filing the Rule 24.035 motion, Roberts still failed to appeal the denial of his motion to the Missouri Court of Appeals. Therefore, he did not exhaust his state law remedies and he is procedurally barred from raising his constitutional claims for federal habeas corpus review.

A petitioner may overcome the procedural bar by demonstrating a legally sufficient cause for the default and actual prejudice resulting from it, or by demonstrating that failure to review the petition would result in a fundamental miscarriage of justice. *Maples v. Thomas*, 132 S.Ct. 912, 922 (2012); *Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991). Under the cause and prejudice standard, the petitioner establishes cause by showing that something external and not fairly attributed to him caused the procedural default. *Ivy*, 173 F.3d at 1140 (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). A petitioner establishes prejudice by showing that the prejudice worked to his actual and substantial disadvantage. *Id.* at 1141.

Roberts states that he did not have a lawyer and therefore did not understand the process for raising his grounds for relief in a post-conviction proceeding. [Doc. 1.] *Pro se* status does not establish sufficient cause to overcome a procedural default. *See Smittie v. Lockhart*, 843 F.2d 295, 298 (8th Cir. 1998) (petitioner's pro se status and educational background are insufficient cause for failing to pursue state court remedies). Roberts did not establish sufficient cause for his procedural default, therefore prejudice need not be addressed. *McClesky v. Zant*, 499 U.S. 467, 502 (1991).

Under the fundamental miscarriage of justice standard, the petitioner may show that he is actually innocent by providing "new, reliable evidence- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence- that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The *Schlup* standard is demanding. *McQuiggin v. Perkins*, 133 S.Ct. 1936 (2013). "Few petitions are within the narrow class of cases implicating a fundamental miscarriage of justice." *Weeks*, 119 F.3d at 1351. Further, "a federal habeas court faced with an actual innocence gateway claim, should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown." *McQuiggen*, 133 S.Ct. at 1924, 1927. "[U]ntimeliness, although not an unyielding ground for dismissal of a petition, does bear on the credibility of evidence proffered to show actual innocence." *Id.*

Roberts makes a claim of actual innocence, however, it does not meet the fundamental miscarriage of justice standard. First, a bare, conclusory assertion that the petitioner is innocent is not enough. *Weeks*, 119 F.3d at 1352-53. If the petitioner alleges that his guilty plea was coerced, he is only indirectly alleging actual innocence. *Weeks*, 119 F.3d 1352. Petitioners are not entitled to an evidentiary hearing to develop new evidence. *Id* at 1353. Roberts does not

8

present any new, reliable evidence that he is actually innocent. Instead he argues that if he had known about the weaknesses in the case against him, he would not have pleaded guilty. [Doc. 12.] Roberts alleges that he was "never found in possession of" the stolen vehicle, and that the authorities were inconsistent about where the stolen vehicle was found. [Docs. 11, 12.] These assertions do not constitute new, reliable evidence that would support an actual innocence claim. Roberts was aware that the police did not "find" him inside the car at the time that he pled guilty so this is not newly discovered evidence. The state's recitation of the facts at his plea/sentencing hearing acknowledge he was not found in possession of the car. Further, even if the facts that he was not found in possession of the car and that the police made inconsistent statements about the car's location were true, these facts do not provide even an inference that he is innocent. Additionally, Roberts delayed filing for habeas relief until a year and a half after his judgment was executed, which bears on the credibility of the evidence offered to show actual innocence. As Roberts failed to exhaust his state law remedies in state court, his federal habeas petition is procedurally barred.

### D. Merits Review

The undersigned finds that even if Roberts' claim was not procedurally barred his habeas claims fail on the merits.

#### 1. Ineffective Assistance of Counsel

Roberts alleges that his attorney was ineffective because the he failed to hold an investigation and withheld evidence by not showing Roberts a copy of the discovery received from the state. [Doc. 1.] The right to counsel in criminal proceedings is "the right to effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To successfully challenge a guilty plea in a federal habeas petition with an ineffective assistance claim, the

9

petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The petitioner must show that counsel's conduct was unreasonable under prevailing professional norms. *Strickland*, 466 U.S. at 687-88. The petitioner must identify the counsel's specific acts or omissions that were outside of the range of reasonable professional judgment. *Id.* at 690. The court must strongly presume that counsel administered adequate assistance and made all significant decisions within the range of reasonable professional judgment. *Id.*

The standards do not change when the alleged error is a failure to investigate. *Strickland*, 466 U.S. 690. "In cases involving claims of failure to investigate, a defendant can establish prejudice by showing the discovery of evidence would have caused counsel to change his recommendation as to the plea offer." *Witherspoon v. Purkett*, 210 F.3d 901, 904 (8th Cir. 2000). Counsel's decision not to investigate is given "a heavy measure of deference" and the reasonableness of counsel's actions may be determined by the petitioner's own statements or actions. *Strickland*, 466 U.S. at 691.

"While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." *Nguyen v. United States*, 114 F.3d 699, 703(8th Cir. 1997). At his plea and sentencing hearing, Roberts stated that he had enough time to talk to his attorney about his case, he understood the charge against him, and the range of punishment for the offense. Resp't Ex. C at 2-4, 6. Roberts also stated that the facts as stated by the state's attorney were true and that his confession was true. *Id.* at 8-10. Roberts also affirmed that he was not promised anything other than the

sentencing recommendation in exchange for his guilty plea. *Id.* at 9. Moreover, Roberts fails to cite what evidence would have caused counsel to change his recommendation for a guilty plea. Roberts' claims that his counsel provided ineffective assistance is contradicted by the record at his plea/sentencing hearing. Therefore, Roberts has not shown that he received ineffective assistance or that any alleged ineffectiveness prejudiced his defense.

### 2. Due Process Violations

Roberts alleges that his due process rights were violated because he did not receive a copy of his indictment, he never saw discovery in the case, and did not have a preliminary hearing. [Doc. 1.] "A defendant may not collaterally attack a guilty plea by raising independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. *Neely v. McDaniel*, 677 F.3d 346, 349 (8th Cir. 2012). "The general rule is that a valid guilty plea waives all non-jurisdictional defects." *U.S. v. Beck*, 250 F.3d 1163, 1166 (8th Cir. 2001).

First, Roberts did not receive an indictment because there was no indictment in this case. Instead, Roberts was charged by complaint.[1] [Doc. 12-1.] The state court record and Roberts' own exhibit also show that Roberts waived his right to a formal reading of the complaint. Resp't Ex. A at 1. At his plea/sentencing hearing, the judge informed Roberts that he was charged with the Class C felony of stealing. Resp't Ex. C at 3. Roberts indicated that he understood the charge and he did not have any questions about it. *Id.* The state's attorney also provided the range of punishment and Roberts stated that he understood the range of punishment and did not have any questions about it. "The Sixth Amendment right of the accused to reasonable notice of the charges against him is incorporated in the Fourteenth Amendment and cannot be abridged by the states." *Hulstine v. Morris*, 819 F.2d 861, 863-864 (8th Cir. 1987). "Due process

---
[1] Under Missouri law, felony proceedings may be initiated by complaint or indictment. Mo. Sup. Ct. R. 22.01.

requirements may be satisfied if a defendant received actual notice of the charges against him, even if the [complaint] is deficient." *Id.* at 864. The transcript clearly indicates that Roberts knew the charge against him and the range of punishment he faced, therefore his claim is without merit. *Id.*

Next, Roberts waived his right to a preliminary hearing on January 16, 2008. [Doc. 12-1.] The circuit court accepted Roberts' written and signed waiver on January 25, 2008. [Doc. 12-1.] "A defendant is not entitled to a preliminary hearing as a matter of constitutional right." *Collins v. Swenson*, 443 F.2d 329, 331 (8th Cir. 1971). Because lack of a preliminary hearing does not violate the U.S. Constitution, Roberts' claim is not cognizable pursuant to § 2254. *See Sanfillipo v. Purkett*, No. 4:05-CV-551-RWS-MLM, 2005 WL 3074147 at *11 (E.D. Mo. Nov. 16, 2005) (preliminary hearing not part of constitutional right to due process).

Roberts also alleges that his due process rights were violated because he never received a copy of the Motion for Discovery filed by his counsel or the information filed in response to his counsel's motion for discovery. [Doc. 1.], [Doc. 12.] Roberts argues that he would not have pleaded guilty if he had that information. [ Doc. 12.] After the entry of a guilty plea, "[t]he subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal . . . ." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Roberts fails to state what information in the motion or the government's response would have changed his decision to enter a plea. Roberts' bare assertion that this unidentified evidence would have changed his plea is insufficient to make a cognizable due process claim under § 2254.

### 3. Sufficiency of the Evidence

Next, Roberts alleges misconduct because the state's potential witnesses would not have been able to personally identify him if they had testified at a trial. [Doc. 11.] The record shows that before Roberts pled guilty, subpoenas were issued for Earl Wheetley, Doyle Foulks, and Jimmy Foulks. Resp't Ex. A at 2. Roberts pled guilty to stealing Doyle and Jimmy Foulks' car. According to the state, Earl Wheetley is the deputy sheriff who investigated the theft of the car at issue. Roberts states that Wheetley has never seen him, never met him, and cannot identify him. Roberts admits knowing Doyle Foulks, but not Jimmy Foulks.

Again, Roberts cannot collaterally attack non-jurisdictional issues after entry of a guilty plea. Roberts could have confronted and cross examined the witnesses at a trial, however, Roberts waived his right to a trial by pleading guilty. Resp't Ex. C at 4-5. Roberts testified that he understood his right to choose between pleading guilty and going to trial. Resp't Ex. C at 5. Roberts further testified that he had no questions about these rights and did not want to speak to his attorney off the record about those rights. Resp't Ex. C at 5. Roberts waived his right to a jury trial; therefore he has waived his right to contest the credibility of the witnesses that the state would have called if there had been a jury trial. Moreover, Roberts has not produced any evidence supporting his claim that the witnesses would be unable to identify him or how their identification of them would automatically foreclose his guilt. *See Weeks*, 119 F.3d at 1352 (petitioner alleged staggering evidence, but failed to submit affidavits from witnesses or specify as to what facts individual witnesses would testify). Therefore, Roberts' claim regarding witness identification and insufficient evidence is not cognizable under § 2254.

#### 4. **Judicial Bias**

Roberts alleges that the judges who presided over his case were biased and had conflicts of interest because they had previously presided over unrelated proceedings with Roberts, his mother, and his sister. [Doc. 1.] "It is settled that the bias necessary to disqualify a judge must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *Nerison v. Solem*, 715 F. 2d 415, 417 (8th Cir. 1983). A judge's familiarity with a party's prior legal difficulties does not raise the issue of bias by itself and neither would familiarity with a party's family's legal difficulties. *Id.* Here Roberts' conclusory allegations of judicial bias "fail to demonstrate that the judge acted with deep-seated antagonism or improperly relied upon an extrajudicial source in the course of sentencing." *Twomey v. Roper*, No. 4:08-CV-1038 DDN, 2009 WL 1393974 at *6 (E.D. Mo. May 15, 2009).

#### 5. **Coerced Confession**

Roberts alleges that his guilty plea was the result of a coerced confession. [Doc. 12.] In *Miranda v. Arizona*, the Court provided "concrete constitutional guidelines" for law enforcement agencies and courts that the admissibility in evidence of statements given during a custodial interrogation was dependent upon whether the police provided the suspect with the following four warnings: (1) right to remain silent; (2) anything suspect says can be used against him in a court of law; (3) right to have an attorney present; and (4) if the suspect cannot afford an attorney, one will be appointed for him prior to questioning. *Dickerson v. United States*, 530 U.S. 428, 435 (2000) (citing *Miranda v. Arizona*, 384 U.S. 436, 479 (1966)). A suspect may waive his *Miranda* rights, "provided the waiver is made voluntarily, knowingly, and

intelligently." *Miranda*, 384 U.S. at 444. Only if the totality of the circumstances surrounding the interrogation reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the Miranda rights have been waived. *Moran v. Burbine*, 475 U.S. 412, 421 (1986).

Even if Roberts' claim was not procedurally barred, he fails to allege any specific facts that the Court could review to determine the merits of his claim that his confession was coerced. Also, at his plea/sentencing hearing, Roberts testified that everything stated in his confession was true. Resp't Ex. C at 9.

### E. Conditions of Confinement

Finally, Roberts alleges that cruel and unusual punishment is used against him in violation of the Eighth Amendment and that he is in custody in the incorrect type of facility. [Docs. 11, 12.] Roberts further alleges that he is denied adequate medical treatment and is in imminent danger of serious physical harm. [Doc. 6.] Disputes as to the conditions of confinement fall outside the core of federal habeas corpus review and may be brought in a separate action pursuant to 42 U.S.C. § 1983.[2] *See Nelson v. Campbell*, 541 U.S. 637, 643 (2007).

## IV. CONCLUSION

For the reasons set forth above, the undersigned recommends that Roberts' claims for relief should be denied. Because Roberts has made no showing of a denial of a constitutional right, the undersigned does not recommend that a certificate of appealability be issued in this matter. *See* 28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).

---

[2] A claim under 42 U.S.C. § 1983 is the proper vehicle for allegations that the conditions imposed on a state prisoner violates the prisoner's federal constitutional rights. 42 U.S.C. § 1983. In Missouri, 42 U.S.C. § 1983 claims against the Department of Corrections or its employees acting in their official capacity must be filed within one year of the alleged constitutional violations. Mo. Rev. Stat. § 516.145; *Kinder v. Missouri Dept. of Corrections*, 43 S.W.3d 369, 372 (Mo. App. 2001).

Accordingly,

**IT IS HEREBY RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED**. [Doc. 1].

**IT IS FURTHER RECOMMENDED** that, for the reasons stated herein, any motion by Kyle Roberts for a Certificate of Appealability be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Roberts' request for appointment of counsel be **DENIED**. [Doc. 1.]

The parties are advised that they have fourteen (14) days in which to file written objections to these recommendations pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. *See Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990).

Dated this 12th day of August, 2013.

       /s/ Nannette A. Baker
      NANNETTE A. BAKER
      UNITED STATES MAGISTRATE JUDGE